**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLORADO**

| | |
|---|---|
| In re: | |
| Skin Bar MedSpa, LLC | Case No. 26-18116-JGR |
| Debtor. | Chapter 11, Subchapter V |

# MOTION FOR AUTHORIZATION TO USE CASH COLLATERAL SECURING THE U.S. SMALL BUSINESS ADMINISTRATION ON AN INTERIM BASIS AND PROVIDE ADEQUATE PROTECTION

Skin Bar Medspa LLC, d/b/a The Skin Bar LLC (the "**Debtor**") hereby moves (the "**Motion**") for authority to (i) use cash collateral securing the U.S. Small Business Administration ("**SBA**") on an interim basis, and (ii) provide adequate protection to SBA, pursuant to §§ 363(c)(2)(B) and 361 of the Bankruptcy Code, Bankruptcy Rule 4001(b), and Colorado Local Bankruptcy Rules 2081-1 and 4001-2. A Proposed Order accompanies this Motion. In support of the Motion, the Debtor states as follows:

## Jurisdiction

1. The Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code on November 2, 2026 (the "Petition Date").

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the order of reference in this district issued pursuant to 28 U.S.C. § 157(a).

3. This matter is a core proceeding because it concerns the administration of the Debtor's estate and requests the approval of the use of cash collateral under § 157(b)(2)(A) and (M). This Motion is brought pursuant to Bankruptcy Rule 4001(b) and Colorado Local Bankruptcy Rules 2081-1 and 4001-2.

## Factual Basis for Relief

4. The Debtor is a medical spa operating under the trade name The Skin Bar from leased premises at 12001 Tejon St #130, Westminster, Colorado 80234. The Debtor is wholly owned by Dawn Gomez.

5. SBA made two COVID-19 Economic Injury Disaster Loans to the Debtor. The first, SBA Loan No. 9928727105 (the "7105 Loan"), was originally made May 7, 2020 in the amount of $171,000.00 and was modified, effective August 6, 2021,

to an aggregate amount of $500,000.00, at 3.75% per annum with monthly installments of $2,517.00. The second, SBA Loan No. 4011959102 (the "9102 Loan," and with the 7105 Loan, the "SBA Loans"), was made on May 4, 2022 in the amount of $196,300.00, at 3.75% per annum with monthly installments of $1,011.00 (collectively with the related notes and security agreements, the "Loan Documents"). The 7105 Loan is personally guaranteed by Dawn Gomez (a/k/a Dawn Weber).

6. On August 20, 2023, SBA issued a Notice of Default and Acceleration on the 7105 Loan, asserting a total amount due of $528,391.05 as of that date. The Debtor's schedules list SBA claims of $500,008.00 on the 7105 Loan and $195,863.92 on the 9102 Loan, for a total of $695,871.92.

7. Under the Loan Documents, the Debtor granted SBA a security interest in all of its tangible and intangible personal property, now owned or later acquired, including accounts, deposit accounts, inventory, equipment, and general intangibles, and all proceeds thereof, which includes the Debtor's assets constituting cash collateral (the "Cash Collateral"). SBA filed two UCC-1 Financing Statements: (i) Document No. 20202045072, filed May 15, 2020, in connection with the 7105 Loan, and (ii) Document No. 20222051466, filed May 18, 2022, in connection with the 9102 Loan. SBA asserts a first-position security interest in the Cash Collateral. The Debtor reserves all rights regarding the validity, extent, perfection, and priority of SBA's liens, including the extent to which those liens attach to property acquired by the Debtor after the Petition Date under 11 U.S.C. § 552.

8. Other secured creditors assert liens on specific equipment: AbbVie US LLC (CoolSculpting device and equipment), MD Leasing (Ultimate Contour), and NCMIC Finance Corporation (Aquafirme). Based on the information available, these liens do not extend to Cash Collateral.

9. The Debtor owes the Internal Revenue Service (the "IRS") federal taxes in the following amounts: (a) $2,673.04 for Form 941 taxes for the tax period ending December 31, 2019; (b) $6,599.72 for a civil penalty for the tax period ending December 31, 2019; and (c) $24,452.00 for Form 941 taxes for the tax period ending December 31, 2021, for a total of $33,724.76. The Debtor will provide notice to the following taxing authorities to the extent they may claim an interest in the Debtor's Cash Collateral:

a. Internal Revenue Service, 1999 Broadway, Suite 511, MS 5004, Denver, CO 80202; and

b. Colorado Department of Revenue, 1375 Sherman Street, Denver, CO 80261.

## Proposed Use of Cash Collateral and Adequate Protection

10. Before the Petition Date, the Debtor and the SBA discussed adequate protection terms under which the SBA would permit the Debtor to use cash collateral during this chapter 11 case. SBA has not agreed to the Debtor's use of Cash Collateral or the proposed adequate protection terms. The Debtor is submitting this Motion absent SBA's consent because it must use Cash Collateral immediately to continue operating.

11. The Debtor proposes to use Cash Collateral and provide adequate protection to SBA as follows:

a. The Debtor shall make monthly adequate protection payments to SBA in the amount of $1,500.00.

b. SBA will receive replacement liens in the Debtor's postpetition property of the same type as its prepetition collateral, with the same validity, priority, and extent as SBA's prepetition liens, to the extent of any diminution in value of SBA's interest in the Cash Collateral.

c. The Debtor is authorized to use Cash Collateral in accordance with the Debtor's budget attached as Exhibit A (the "**Budget**"), with a variance of up to 10% permitted.

d. The Debtor shall file monthly operating reports.

e. The Debtor shall maintain hazard insurance on its collateral consistent with the Loan Documents.

f. Notwithstanding the professional fees reflected in the Budget, the Debtor will pay professional fees only upon Court allowance under §§ 330 and 331.

g. The Debtor shall have a 10-day cure period after written notice of any default under the Proposed Order.

h. The Debtor's authority to use Cash Collateral shall be on a temporary basis for 14 days from entry of an interim order, and shall continue thereafter only upon entry of a final order or further order of the Court, subject to earlier termination upon plan confirmation, dismissal or conversion of the case, payment in full to SBA, or further agreement of the parties.

i. All parties reserve their rights, including the right of any party in interest to challenge the validity, extent, perfection, or priority of SBA's liens, and the Debtor's right to contend that property acquired after the Petition Date is not subject to SBA's prepetition liens under 11 U.S.C. § 552(a).

## Legal Basis for Relief Requested

12. Authority to use Cash Collateral is essential to the Debtor's continued business operations. As a medical spa, the Debtor requires access to Cash Collateral to pay employees, rent, product and supply vendors, insurance, and other ordinary operating expenses. A true and correct copy of the Budget is attached hereto as **Exhibit A** and incorporated herein by reference. The Debtor's Budget projects average monthly receipts of approximately $91,038.79 and disbursements of approximately $62,705.68. Without the use of Cash Collateral, the Debtor would suffer immediate and irreparable harm and the value of the estate would be detrimentally impacted.

13. Further, the Debtor asserts that the value of the estate's interest in Cash Collateral, and in SBA's collateral generally, is significantly less than the amount owed to SBA. As of the Petition Date, the Debtor had cash on hand of $1,308.16, and it has no accounts receivable or inventory. SBA's remaining collateral consists of furniture, fixtures, and office equipment valued at $11,000.00 and a $10,000.00 franchise deposit of uncertain collectability.

14. The value of the assets securing the SBA Loans is far less than the amounts owed to SBA. The Debtor's schedules reflect total assets of $56,609.55, against scheduled SBA claims of $695,871.92. As such, any other creditor that may assert an interest in Cash Collateral is, by virtue of § 506(a)(1), unsecured, and the Debtor does not propose adequate protection to any creditor other than SBA.

15. Rule 4001(b)(2) and Local Rule 4001-2 permit a motion to be granted if parties are provided 14 days' opportunity to object to the motion without a hearing. Because the Debtor requires use of Cash Collateral immediately to continue operating, the Debtor requests that the Court authorize the use of Cash Collateral and the adequate protection terms described above on an interim basis upon filing, to the extent necessary to avoid immediate and irreparable harm to the estate in accordance with the Budget, and, if no objection to this Motion is filed within 14 days after service, that the interim order become a final order without further hearing.

16. Pursuant to Bankruptcy Rule 4001(b)(1)(C) and Colorado Local Bankruptcy Rules 4001-2 and 9013-1, the Debtor will serve copies of this Motion, the Budget, and the Proposed Order on the U.S. Trustee, the Subchapter V Trustee, the parties appearing on its list of 20 largest unsecured creditors, all parties requesting notice, SBA, the United States Attorney for the District of Colorado, and all parties asserting a lien on the Debtor's property, and will provide notice of this Motion to all parties in interest.

WHEREFORE, for the reasons stated, the Debtor requests that the Court (i) authorize the Debtor to use Cash Collateral securing SBA and provide adequate protection to SBA on an interim basis as described in this Motion; (ii) enter the

Proposed Order submitted alongside this Motion and, absent a timely objection filed within 14 days after service, deem that order final without further hearing; and (iii) grant such other and further relief as the Court deems just and proper.

Dated November 3, 2026.

Respectfully submitted,

*/s/ Emily Sexton*

Jeffrey A. Weinman, #7605
Brenton Gragg, #52528
Emily Sexton, # 60727
Michael Best & Friedrich LLP
675 15th Street, Suite 2000
Denver, Colorado 80202
(720) 240-9515
Jeffrey.Weinman@michaelbest.com
Brenton.Gragg@michaelbest.com
Emily.Sexton@michaelbest.com

*Proposed Counsel for Skin Bar MedSpa, LLC*